UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA CASTANEDA, | No. C 09-03177 MHP |
| Petitioner, | |
| v. | **MEMORANDUM & ORDER** |
| ERIC H. HOLDER, JR., United States Attorney General, | **Re: Defendant's Motion to Dismiss** |
| Respondent. / | |

On July 13, 2009, petitioner Jessica Castaneda filed a petition for review and request for de novo hearing of the Attorney General's denial of petitioner's naturalization application. Now before the court is the Attorney General's motion to dismiss the petition for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Having considered the parties' arguments and submissions, the court enters the following memorandum and order.

BACKGROUND

Petitioner is an alien currently in removal proceedings. *See* Docket No. 8, Exh. 1 (Termination Motion) at 1. On July 1, 2008, the United States Citizenship and Immigration Service ("USCIS") denied petitioner's application for naturalization because of a failure to provide convincing evidence to establish eligibility for naturalization. *See id.* at 26-27 (USCIS N-400 decision). Petitioner administratively appealed the denial. On March 9, 2009, the USCIS denied

petitioner's application for naturalization in a N-336 review hearing decision. *See id.* at 31-32 (USCIS N-336 decision). The USCIS found that at the time petitioner "immigrated to the United States as the wife of a United States citizen, [petitioner] was ineligible for admission by reason of having entered into a sham marriage for the sole purpose of circumventing the immigration laws." *Id.* at 31. Concluding that petitioner was inadmissable at entry in 1990, the USCIS determined that she was not lawfully admitted to the United States as a lawful permanent resident and did not meet the five years continuous residence requirement of 8 U.S.C. section 316(a). *Id.* The USCIS also determined that petitioner offered false testimony in order to obtain immigration benefits, and that such false testimony precluded a finding of good moral character as set forth in section 316(a) and in 8 C.F.R. section 316.10(b)(2). *Id.* at 32. As a result, the USCIS found petitioner ineligible for naturalization. Immediately following the N-336 review hearing, petitioner was ordered to appear for removal proceedings. *Id.* at 2. On July 13, 2009, petitioner petitioned this court for review of the USCIS decision denying her naturalization application. *See* Docket No. 1 (Petition) at 1. On November 2, 2009, petitioner filed a motion to terminate removal proceedings, which was set to be heard by an immigration judge on November 17, 2009. Termination Motion at 1.

LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief can be granted against that defendant. A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal may be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A motion to dismiss should be granted if a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, ___U.S.___,___, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at

2

556). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950.

DISCUSSION

Petitioner brought this action to challenge the denial of her naturalization application. The instant motion to dismiss raises questions about the interplay of sections 1421(a), 1421(c) and 1429 of Title 8. Section 1421(a) provides: "The sole authority to naturalize persons as citizens of the United States is conferred upon the Attorney General." A petitioner may nevertheless, pursuant to section 1421(c), seek judicial review of a denial of her application for citizenship:

> A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of title 5. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

At the same time, section 1429 provides that "no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act." *Id.* § 1429.

The latest amendments to these provisions were enacted as part of the Immigration Act of 1990 ("the 1990 Act"). Before 1990, naturalization authority was vested in the federal courts while removal authority was vested in the executive branch acting through the Attorney General. This sometimes led to a "race between the alien to gain citizenship and the Attorney General to deport him." *Shomberg v. United States*, 348 U.S. 540, 544 (1955). To put a stop to such races to the courthouse, Congress amended the naturalization laws in 1952 to preclude district courts from naturalizing aliens while removal proceedings were ongoing. In 1990, Congress unified removal and naturalization authority in the executive branch. It nevertheless provided for district court review of naturalization determinations in cases of denial, *see* § 1421(c), or delay, *see* § 1447(b).

3

*See generally Bellajaro v. Schiltgen*, 378 F.3d 1042, 1044 (9th Cir. 2004) (discussing history); *Ajlani v. Chertoff*, 545 F.3d 229, 235-36 (2d Cir. 2008) (same). Several decisions following passage of the 1990 Act have addressed whether and how a district court may review a denial of naturalization pursuant to section 1421(c) or section 1447(b) consistent with the limitations of section 1429 when removal proceedings are ongoing.

In the instant action, the Attorney General does not challenge the court's subject matter jurisdiction, an issue which was settled in *Bellajaro*. *See Bellajaro*, 378 F.3d at 1046 ("There is no hint in the language of § 1429 that it also applies to the courts. Thus, we see no textual basis for concluding that jurisdiction vested in the district courts by § 1421(c) is divested by § 1429."). The Attorney General argues, rather, that the petition must be dismissed because the court cannot provide the relief sought. According to the Attorney General, even were this court to determine that petitioner did not have a sham marriage or offer false testimony, the Attorney General would be precluded by section 1429 from considering petitioner's application for naturalization until removal proceedings had concluded. Petitioner argues that the Attorney General has already considered and rejected her application. Petitioner reasons that the court, should it find in her favor, could simply order the Attorney General to naturalize her without further review. She relies upon two district court cases from other circuits that have so held. *See Kestelboym v. Chertoff*, 538 F. Supp. 2d 813 (D.N.J. 2008); *Ngwana v. Attorney General*, 40 F. Supp. 2d 319 (D. Md. 1999).

The controlling case in this circuit is the 2004 *Bellajaro* case. In that case, the immigration service[1] denied a petitioner's third application for citizenship because the petitioner was in removal proceedings. According to the immigration service, it was precluded from considering the application pursuant to section 1429 because the petitioner was in removal proceedings at the time. The petitioner sought review by the district court, asking the court to determine that the petitioner was of good moral character and was entitled to naturalization.[2] The district court held that section 1429 deprived the district court, as well as the Attorney General, of subject matter jurisdiction. *Id.* at 1044. The Court of Appeals affirmed the district court's dismissal of the petition but did so on different grounds. The Court of Appeals found that it need not decide how the section 1429 and

4

section 1421(a) play out when judicial review of a denial is sought while removal proceedings are pending, the specifics of which it viewed as an unsettled question. *See id.* at 1045-46. The court instead based its decision on the language of section 1421(c), which makes judicial review available from "such" a denial. This language indicates that the district court can only review the grounds for denial provided by the Attorney General. The reason for denial in *Bellajaro* was not failure to establish good moral character but rather the immigration service's recognition that it could not consider the application while removal proceedings were pending. Accordingly, the district court could not review the question of the petitioner's moral character but could review the decision that consideration of an alien's application while the alien was in removal proceedings would contravene section 1429, which was clearly correct. *Id.* at 146-147.

The *Bellajaro* court also rejected the petitioner's argument that the district court could declare him to be *eligible* for naturalization even if it could not determine he was *entitled* to naturalization. The petitioner contended that a declaration by the court of his prima facie eligibility would buttress a request to the immigration service to terminate removal proceedings so that his application for naturalization could proceed on the merits. *Id.* at 1047. The court rejected this option, finding that such a course would result in the rendering of an advisory opinion. The court also expressed skepticism of the petitioner's contention that prima facie eligibility findings were appropriate, noting that the Board of Immigration Appeals case upon which the petitioner relied pre-dated the 1990 Act and was in any event not controlling. *Id.*

In light of *Bellajaro* and the unambiguous and exclusive grant of naturalization authority to the Attorney General by section 1421(a), this court concludes that it can neither naturalize petitioner on its own authority nor usurp the authority committed by Congress to the Attorney General by ordering the Attorney General to naturalize an alien without further review. Nor can the court order the Attorney General to review the application further, as section 1429 expressly prohibits consideration of the application before removal proceedings are concluded. Accordingly, the court cannot provide effective relief to petitioner while removal proceedings are pending against her. In so holding, the court also follows the Sixth Circuit's opinion in *Zayed v. United States*, 368 F.3d 902

1   (6th Cir. 2004) (holding section 1429 limits scope of review and available relief, but not
2   jurisdiction), which was cited with approval in *Bellajaro*. *See Bellajaro*, 378 F.3d at 1046.  Such a
3   holding is also consistent with this court's ruling in *Kyi v. Chertoff*, No. 08-3383, 2008 WL 5131619
4   (N.D. Cal. Dec. 5, 2008) (White, J.) (holding court could not provide effective relief because it could
5   not order Attorney General to do something forbidden by statute).[3]

6        Petitioner requests that the court, should it adopt the Attorney General's position, hold this
7   matter in abeyance pending resolution of petitioner's motion currently before the immigration judge
8   to terminate removal proceedings, rather than grant the motion to dismiss.  The Attorney General
9   concedes that the issues raised in the instant motion to dismiss would become moot should petitioner
10  prevail on her motion before the immigration judge.  Because petitioner's motion was set to be heard
11  by the immigration judge on November 17, the court anticipates that the resolution of said motion
12  will not be unduly delayed.  The court will hold this action in abeyance pending resolution of that
13  motion, rather than dismiss without prejudice, obviating the need for petitioner to re-file her
14  challenge to the denial of naturalization should she prevail before the immigration judge.
15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28

6

CONCLUSION

For the foregoing reasons, decision on respondent's motion to dismiss is held in abeyance, and the action is STAYED until such time as this court receives notice of the resolution of petitioner's motion to terminate removal currently pending before the immigration judge. Should plaintiff not prevail on her pending motion to terminate removal, the court anticipates it will dismiss the instant action without prejudice to re-filing the petition should petitioner prevail at a later point in the removal process. The parties are charged with the duty of providing this court with timely notice of the immigration judge's decision. Specifically, the parties SHALL notify the court within ten (10) days of such decision.

IT IS SO ORDERED.

Dated: November 23, 2009

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

7

**ENDNOTES**

1.     At that time, the Immigration and Naturalization Service (INS) acted as the Attorney General's delegate for naturalization decisions. That function is now performed by the USCIS.

2.     The petitioner had filed a previous application for naturalization that was denied because of his failure to establish good moral character. 378 F.3d at 1044.

3.     It is also consistent with *Ajlani*. That case addressed review pursuant to section 1447(b), not section 1421(c), *see* 545 F.3d 237, but the two provisions are similar.